AO 245B (SCDC Rev.09/11) Judgment in a Criminal Case Sheet 1

# UNITED STATES DISTRICT COURT
## District of South Carolina

UNITED STATES OF AMERICA

vs.

<u>ROBERT EARL HEMINGWAY</u> JR
AKA Booda

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 4:15cr00070-BHH-4

USM Number: 28146-171

<u>Benjamin Alexander Hyman (Retained)</u>
Defendant's Attorney

## THE DEFENDANT:

■   pleaded guilty to count(s)  <u>1s of the Indictment on January 6, 2016</u>.

☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐   was found guilty on count(s) __ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1), (b)(1)(C) and 846 | Please see indictment | 4-9-2015 | 1 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)_____.

■   Count(s) <u>1,4, and 4s</u> ☐ is ■ are   dismissed on the motion of the United States.

☐   Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

May 17, 2016
Date of Imposition of Judgment

s/ Bruce Howe Hendricks

Signature of Judge

Hon. Bruce Howe Hendricks, U.S. District Judge
Name and Title of Judge
May 20, 2016

Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Page 2

DEFENDANT: ROBERT EARL HEMINGWAY Jr
CASE NUMBER: 4:15cr00070-BHH-4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ninety (90) months.

■    The court makes the following recommendations to the Bureau of Prisons: It is recommended that the Defendant be allowed to serve his sentence at Williamsburg FCI.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

　　　☐ at _____ ☐ a.m.　☐ p.m. on _____.

　　　☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　　☐ before 2 p.m. on _____.

　　　☐ as notified by the United States Marshal.

　　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:


Defendant delivered on _____to _____

at_____, with a certified copy of this judgment.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　By _____

　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

Page 3

DEFENDANT: ROBERT EARL HEMINGWAY Jr
CASE NUMBER: 4:15cr00070-BHH-4

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.  While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in 18 U.S.C. § 3583(d). The defendant shall also comply with the following special condition: 1. The defendant shall satisfactorily participate in a drug testing program as approved by the U.S. Probation Office. The defendant shall contribute to the costs of such program not to exceed an amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services", and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

■ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement  officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Criminal Monetary Penalties

Page 4

DEFENDANT: ROBERT EARL HEMINGWAY Jr
CASE NUMBER: 4:15cr00070-BHH-4

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | **$** | **$** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $_____ | $_____ | |

☐ Restitution amount ordered pursuant to plea agreement    **$_____**

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
        ☐ The interest requirement is waived for the ☐ fine ☐ restitution.
        ☐ The interest requirement for the ☐ fine ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
    Sheet 5 - Schedule of Payments
                                                                                    Page 5

DEFENDANT: ROBERT EARL HEMINGWAY Jr
CASE NUMBER: 4:15cr00070-BHH-4

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ■    Lump sum payment of $ 100.00 (special assessment)  due immediately

    ☐    not later than _____, or

    ☐    in accordance with    ☐ C,    ☐ D, or    ☐ E, or ☐ F below: or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)*  after the date of this judgment; or

D    ☐    Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g., months or years), to commence _____ *(30 or 60 days)* after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.



☐    The defendant shall pay the cost of prosecution.
☐    The defendant shall pay the following court cost(s):
■    The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed    2/18/16    and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.:4:15-CR-00070-BHH-4 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT EARL HEMINGWAY JR. | ) | |
| a/k/a "Booda" | ) | |
| | ) | |

PRELIMINARY ORDER OF FORFEITURE AS TO
ROBERT EARL HEMINGWAY JR.

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Robert Earl Hemingway Jr. ("Hemingway", "Defendant"), based upon the following:

1.    On April 14, 2015, a multi-count Superseding Indictment was filed charging Hemingway with conspiracy to commit drug trafficking, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Superseding Indictment contained a notice of forfeiture providing that upon Hemingway's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

(1)    Proceeds/Money Judgment

A sum of money equal to all property the Defendants obtained, directly or indirectly from, or used to facilitate, the Title 21 offenses charged in the Indictment, that is, a minimum of approximately $250,000 in the United

Order, p. 1 of 11

States currency and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the Defendants obtained directly or indirectly as the result of such violations of Title 21, United States Code, or were used to facilitate such violations for which the Defendants are jointly and severely liable;

(2)    Real Property:

    A.    1608 Dewitt Avenue
             Conway, SC
             Titled Owner: Sheila Hemingway

Real property with the address of 1608 Dewitt Avenue Conway, South Carolina, in the name of Sheila M. Hemingway formally described as follows:

ALL AND SINGULAR, that certain piece, parcel or lot land lying and Being in the Town of Conway Township, County and State aforesaid and being Lot B of the Brantley Subdivision, as shown on map    by    J.F.    Thomas, R.L.S., dated April 3, 1961.  The aforesaid map recorded in Plat Book 41, Page 6, Clerk Court's Office for Horry County, Bounded and described as Follows:

Beginning at the corner a common Lot A and Lot B located on the Northern margin of Dewitte Avenue and runs North 30 deg. 8 min. east With the line between Lot A and Lot B, 120 ft. to the corner common to Lot A and Lot B located on the line of Lot No. 6; thence south 59 deg. 45 min. East with the line of lot 6, 73 ft. to the corner common to Lot B and Lot C, Thence south 30 deg. 8 min. west with the line between Lot B and Lot C, 120 Ft. to the corner common to  Lot B and Lot C located on the northern margin of Dewitte Avenue, thence north 59 deg. 45 min. west, with the aforesaid Avenue, 73 ft. to the point of beginning.

Bounded on the north by Lot No. 6, on the east by Lot C; on the South by Dewitte Avenue, and on the West by Lot A.

This being the same property conveyed to Franklin B. Hicks, Sr., by deed of Burroughs & Collins Company filed June 9, 1967, in Deed Book  367  at page 544, Probate File 99-ES-26-269.

TMS No.: 1370102010

    B.    1620 16th Avenue
            Conway, SC
            Titled Owner: Sheila Hemingway

ALL that certain piece, parcel, or lot of land lying and being in the City of Conway, Conway township, County and State aforesaid, and being Tax Map Number 137-01-02005, Lot No. 7 of Block B as show on a map by A.J. Baker, dated June 10, 1984 with note thereto by J.F. Thomas, R.L.S., dated August 15, 1953, and December 18, 1953, respectively. The aforesaid map recorded in Plat Book 14 Page 127, Clerk of Court's Office for Horry County, and bounded on said map as follows:

Bounded on the Northeast by Lot C on said map; on the Southeast by Brantley Street; on the Southeast by Lot No. 5 on said map, and on the Northwest by Lot No. 8 and portion of Lot No. 9.

This conveyance in made subject to any easements for road, drainage, transmission lines or like purposes upon or across same as well as those restrictions, limitations or covenants which are more fully described in the Deed of Title dated April 22, 1972 when the Burroughs & Collins Company conveyed this same property to the Grantor herein; said Deed title is recorded in Deed Book 1039 at Page 545.

Being the same property conveyed to the grantor and grantees by Deed of Distribution filed in the Office of the ROD for Horry County on January 2001, Deed Book 2331 at Page 0384.

Being the same property conveyed to the grantor and grantees by Deed of Title filed in the Office of the ROD for Horry County on August 17, 2007, Deed Book 3144 at Page 904.

TMS No.:  1370102005

  C.      1707 Suggs St.
          Conway, SC
          Title Owner: Frank L. Ford

The property commonly known as 1707 Suggs Street, Conway, SC 29527. All and singular, that certain piece, parcel or lot of land situate, lying and being in the County of Horry and the state of South Carolina, and in Bucks Township, bounded and described as follows:

Commencing at a corner in edge of Suggs Street and running thence N29 52'E, a distance of ninety-three and five-tenths feet (93.5') to a pin corner; thence S59  45'E a distance of one hundred feet (100') to a corner, thence a southwesterly       direction a distance of eighty-four feet (84') to a corner in edge of alley; thence a  northwesterly  direction  along  edge  of alley a distance of one hundred feet (100') to the beginning corner.

Bounded on the northwest of Suggs Street; on the northeast by lands of Mammie Small; on the southeast by Lot No. 2 as shown on map made by AJ Baker, R.L.S., dated April 10, 1958; and on the southwest by alley.

This being the sale property conveyed to Annie B.A. Ford by deed of Frank Ford   recorded October 18, 1972, in Deed Book 479 at Page 84 in the office of the Horry County Register of Mesne Conveyances, and the same property in which Frank Lawrence Ford conveyed his interest to Annie B. Ford by deed recorded March 27, 1992 in Deed Book 1536 at Page 681 in the office of Horry County   Register of Mesne Conveyances, and the same property in which Thomas Latimer conveyed his interested to Dennis Latimer, Charles Dewitt and Frank Lawrence Ford recorded October 19, 2009 in Deed Book 3246 at Page 1356 in the office of Horry County Register of Mesne Conveyances and the same property in which Charles G. Dewitt and Dennis B. Latimer conveyed their interest to Frank L. Ford recorded on January 24, 2013 in Deed Book 3634 at Page 157 in the office of Horry County Register of Mesne Conveyances.

TMS No.:  1370103024

3.    On May 6, 2015 a Second Bill of Particulars was filed with the court

regarding property alleged in the Superseding Indictment filed April 14, 2015, as

also being subject to forfeiture to the United States. Such property includes:

1.    <u>Real Property</u>

(a)    <u>As proceeds (or, if not determined to be proceeds, then as substitute property):</u>

Real property with the address of 1808 Ninth Avenue Conway, South Carolina, in the name of Bobby W. Hemingway, formally described as follows:

ALL AND SINGULAR, all that certain piece or tract of land, and being situated in the town of Conway, at the corner of Ninth Avenue and Gasoline Alley.  The said lot is carved from Lot #2 on a map of three lots of Mrs. Cuba N. Rutledge by J.F. Thomas, dated August, 1955, revised January 1, 1956 and recorded in the Office of the Clerk of Court for Horry County in Plat Book 27 at Page 59.  The lot hereby conveyed is more particular described as follows:

Beginning at the Northern corner of the intersection of Gasoline Alley and

Ninth Avenue, said corner being marked by an Iron N; thence North 45 degrees 33 minutes West along the Northeastern edge of Gasoline Alley 100 feet to a point; thence North 46 degrees 30 minutes East for a distance of 44.5 feet to a point; thence South 46 degrees 33 minutes East for a distance of 100 feet to a point on the Northwestern edge of Ninth Avenue for a distance of 44.5 feet to Iron N, the beginning point.

The said lot is bounded on the Northwest and Northeast by remaining portion of said Lot #2 as shown on the above-mentioned map, on the Southeast by Ninth Avenue and on the Southwest by Gasoline Alley.

TMS Number:  13-705-08-042
Asset ID: 15-DEA-611215

(b)      As proceeds (or, if not determined to be proceeds, then as substitute property):

Real property with the address of Foster Avenue Conway, South Carolina, in the name of Bobby Hemingway and Nicholette Hemingway formally described as follows:

All and singular that certain piece, parcel or lot of land near the Town of Conway, Conway Township, County and State aforesaid and being Lot No. 9 of Block D of the Brantley Lands, as shown by map by S.D. Cox dated April 11, 1936, in the office of the RNC for Horry.

This being the same property heretofore conveyed to John Gore by deed in the office of the Register of Deeds for Horry County, SC, in Deed Book 2477 at page 0880.

TMS Number: 136-04-01-011
Asset ID: 15-DEA-611216

2.      Vehicles/Motorcycles[1]:

As proceeds (or, if not determined to be proceeds, then as substitute property):

(a)      2003 BMW 745Li
VIN: WBAGN63433DR08275
South Carolina License Plate ARH-767

---

[1] All vehicles have been administratively forfeited except the 2012 Infiniti G37 which was returned to lien holder.

Seized on April 9, 2015 from Marco Delton Hemingway and Sheila Hemingway
Asset ID: 15-DEA-611706

(b)    2008 Cadillac Escalade
VIN: 1GYEC63858R110657
South Carolina License Plate FER-262
Seized on April 9, 2015 from Robert Earl Hemingway
Asset ID: 15-DEA-611697

(c)    2001 Lexus LS430
VIN: JTHBN30F010032706
South Carolina License Plate JGE-498
Seized on April 9, 2015 from Robert Earl Hemingway, Jr.
Asset ID: 15-DEA-611728

(d)    2012 Infiniti G37
VIN: JN1CV6AR2CM971760
South Carolina License Plate KXV-374
`    Seized on April 9, 2015 from Marco Delton Hemingway
Asset ID: 15-DEA-611726

(e)    2003 Ford F-150, Harley Davidson
VIN:  1FTRW07343KD43117
South Carolina License Plate 501-46C
Seized on April 9, 2015 from Marco Delton Hemingway and Shelia Hemingway
Asset ID: 15-DEA-611681

(f)    2012 Can-Am Spyder, Motorcycle[2]
VIN: 2BXJALA10CV000446
South Carolina License Plate ZD64475
Seized on April 9, 2015 from Marco Delton Hemingway and Shelia Hemingway
Asset ID: 15-DEA-611674

3.    <u>Cash/US Currency</u>

<u>As proceeds (or, if not determined to be proceeds, then as substitute property):</u>

(a)    $3,228.00 US Currency seized on April 9, 2015 [3]

---

[2] The Motorcycle has been administratively forfeited.

       Seized from Robert Earl Hemingway
       Asset ID: 15-DEA-611654

(b)    $106,830.00 US Currency seized on April 9, 2015
        Seized from Bobby Wayne Hemingway and Nicholette Hemingway
        Asset ID: 15-DEA-611658

(c)    $56,384.00 US Currency seized on April 9, 2015
        Seized from Robert Earl Hemingway, Jr.
        Asset ID: 15-DEA-611661

3.     On December 2, 2015, Hemingway signed a plea agreement agreeing to forfeiture and entered into a plea of guilty as to Count 1, of the Superseding Indictment, the conspiracy to commit drug trafficking offense on January 6, 2016.

4.     Based upon Defendant's conviction and other matters of record, the court has determined that the property described above is subject to forfeiture, pursuant to 21 U.S.C. §§ 853, 881 and 28 U.S.C. § 2461(c).

5.     The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Hemingway has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.     FORFEITURE IS ORDERED against Marcus Dalton Hemingway and in favor of the United States in the amount of $250,000 along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2€

---

[3] The $3,228.00 in US currency was administratively forfeited.

to amend this Order to substitute property to satisfy the money judgment.

2.     The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed money judgment.

3.     The government is not required to publish notice regarding the personal money judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

4.     The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Robert Earl Hemingway, in and to such property:

Cash/Currency:

$56,384.00 US Currency seized on April 9, 2015
Seized from Robert Earl Hemingway, Jr.
Asset ID: 15-DEA-611661

Real Property:

A.     1808 Ninth Avenue
        Conway, South Carolina
        Title Owner: Bobby W. Hemingway

Real property with the address of 1808 Ninth Avenue Conway, South Carolina, in the name of Bobby W. Hemingway, formally described as follows:

ALL AND SINGULAR, all that certain piece or tract of land, and being situated in the town of Conway, at the corner of Ninth Avenue and Gasoline Alley.  The said lot is carved from Lot #2 on a map of three lots of Mrs. Cuba N. Rutledge by J.F. Thomas, dated August, 1955, revised January 1, 1956 and recorded in the Office of the Clerk of Court for Horry

County in Plat Book 27 at Page 59. The lot hereby conveyed is more particular described as follows:

Beginning at the Northern corner of the intersection of Gasoline Alley and Ninth Avenue, said corner being marked by an Iron N; thence North 45 degrees 33 minutes West along the Northeastern edge of Gasoline Alley 100 feet to a point; thence North 46 degrees 30 minutes East for a distance of 44.5 feet to a point; thence South 46 degrees 33 minutes East for a distance of 100 feet to a point on the Northwestern edge of Ninth Avenue for a distance of 44.5 feet to Iron N, the beginning point.

The said lot is bounded on the Northwest and Northeast by remaining portion of said Lot #2 as shown on the above-mentioned map, on the Southeast by Ninth Avenue and on the Southwest by Gasoline Alley.

TMS Number:  13-705-08-042
Asset ID: 15-DEA-611215

B.      Foster Avenue
        Conway, South Carolina
        Title Owner: Bobby Hemingway and Nicholette Hemingway

All and singular that certain piece, parcel or lot of land near the Town of Conway, Conway Township, County and State aforesaid and being Lot No. 9 of Block D of the Brantley Lands, as shown by map by S.D. Cox dated April 11, 1936, in the office of the RNC for Horry.

This being the same property heretofore conveyed to John Gore by deed in the office of the Register of Deeds for Horry County, SC, in Deed Book 2477 at page 0880.

TMS Number: 136-04-01-011
Asset ID: 15-DEA-611216

5.    Upon entry of the criminal judgment, this order becomes final as to Hemingway, and shall be made a part of his sentence and included in the criminal judgment.

6.    The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United

States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7.    Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

8.    This Order shall serve as a Writ of Entry and Inspection, authorizing the Bureau of Alcohol Tobacco and Firearms and United States Marshall Service, and their authorized representatives to enter onto and into the premises of the above–described real property as necessary for purposes of conducting inspections, appraisals and videotaping the property, to record and document the condition, value and maintenance of the property until these proceedings are concluded. Any occupants shall be served with a copy of this order and provided notice of the forfeiture of the said property.

9.    Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

10.    Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject

property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

11.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

12.    The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

13.    The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14.    The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/ Bruce Howe Hendricks
BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT JUDGE

February 18, 2016
Florence, South Carolina